# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Thomas A. Bacon III, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No: 14 C 50360 |
| | ) | |
| Rockford Pipe Trades Industry Pension Fund, | ) ) | |
| | ) | |
| *Defendant.* | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's motion for attorney's fees [46] is denied. This case remains closed.

## STATEMENT

On November 13, 2015, this court entered summary judgment in plaintiff's favor and remanded the instant ERISA case for further administrative reivew by the Board of Trustees for the Rockford Pipe Trades Industry Pension Fund (the "Board"). In short, plaintiff, Thomas A. Bacon III, filed this suit seeking administrative review of the Board's decision suspending his pension benefits based on a finding that he was engaged in similar work to the union's trade jurisdiction in the covered geographic region. This court ultimately found in favor of plaintiff, but denied his preferred remedy of entering a benefits order in his favor, and instead remanded to the Board for further proceedings. In so doing, the court reasoned as follows, after rejecting plaintiff's first two arguments:

> Plaintiff's third argument has merit. While it may be that the Board's decision was reasonable and based on a consideration of the evidence submitted, the Plan document, and applicable law, the appeal denial letter leaves one guessing at precisely what work plaintiff was performing at Titan Tire as a millwright which fell within the work that is within the trade jurisdiction of the U.A. For example, the conclusory statement "many of the trade duties of a millwright overlap with the trade duties of plumbers and pipefitters within the U.A," fails to specify what those duties are and how plaintiff's job responsibility of "keeping the tire press running" necessitates performance of those duties. Moreover, while Huff and Russell may have first-hand knowledge regarding the work performed by in-house millwrights and that the work plaintiff was performing at Titan Tire fell within the trade jurisdiction of the U.A., neither witness provided an explanation of what exactly plaintiff did as a millwright at Titan Tire. The lack of specificity in Huff's and Russell's testimony left nothing for plaintiff to rebut with a job description or other

evidence. Therefore, it is impossible for this court to evaluate the reasonableness of
the conclusion that the work of a millwright overlaps enough with the work of a
pipefitter such that plaintiff's work at Titan Tire falls within the trade jurisdiction of
the U.A. Consequently, the court can only conclude that there was an absence of
reasoning in the Board's decision because it failed to communicate specific reasons
for the suspension of benefits.

Bacon v. Rockford Pipe Trades Indus. Pension Fund, slip. op. at 5 (N.D. Ill. Nov. 13, 2015).
Plaintiff now seeks attorney's fees pursuant to ERISA's fee statute, 29 U.S.C. § 1132(g)(1), which
states in relevant part that "In any action under this subchapter . . . by a participant, beneficiary, or
fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to
either party." In determining whether to exercise the discretion granted this court by § 1332(g)(1),
the Seventh Circuit has held that:

> This circuit has recognized two tests for analyzing whether attorney fees should be
> awarded to a party in an ERISA case. The first test looks at the following five
> factors: 1) the degree of the offending parties' culpability or bad faith; 2) the degree
> of the ability of the offending parties to satisfy personally an award of attorney's fees;
> 3) whether or not an award of attorney's fees against the offending parties would
> deter other persons acting under similar circumstances; 4) the amount of benefit
> conferred on members of the pension plan as a whole; and 5) the relative merits of
> the parties' positions. The second test looks to whether or not the losing party's
> position was 'substantially justified.' In any event, both tests essentially ask the
> same question: was the losing party's position substantially justified and taken in
> good faith, or was that party simply out to harass its opponent? In determining
> whether the losing party's position was 'substantially justified,' the Supreme Court
> has stated that a party's position is justified to a degree that could satisfy a reasonable
> person.

Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc., 657 F.3d 496, 505-06
(7th Cir. 2011) (citations and quotation marks omitted).

Turning to the five factor test first, there is no suggestion that defendant acted in bad faith
or with any culpable mind for the first factor. Although this court ultimately found that its
conclusion was not supported by enough specific reasoning, the undisputed administrative record
shows that two witnesses with personal knowledge testified in support of the Board's conclusion.
Defendant does not suggest it lacks the means to satisfy an award of attorney's fees for the second
factor. However, as to the third factor, this court doubts that an award of attorney's fees is necessary
to deter the Board from failing to specifically justify its conclusions above and beyond the expense
and time lost due to this court remanding the case for another full and fair hearing. Moreover, very
little benefit is likely conferred upon other plan members, there is nothing in the record to suggest
that other plan beneficiaries have had their pension benefits suspended in a similar manner or that
this is a significant concern to the plan beneficiaries as a whole. Again, the court only awarded
Bacon another opportunity to present evidence, it did not rule (and explicitly noted that it had no
opinion on) whether Bacon's current employment qualified for suspension of benefits under the
ERISA plan in question. As to the final factor, although Bacon was ultimately successful, he did not

2

receive the remedy he sought and the court explicitly rejected two of his grounds. Moreover, as set out above, although this court found that the Board was insufficiently specific in the reasons it gave for suspending his benefits, its conclusions were ultimately based on evidence in the record and the testimony of two individuals who had knowledge of the relevant operations. Thus, balancing those five factors, the court concludes that they do not warrant the award of attorney's fees in this case.

      The second test, which looks to whether the losing party's position was "substantially justified," results in the same conclusion, for the reasons stated above under factors one and five. There is no suggestion in the record that the Board's position was taken only for harassment of the plaintiff and it is this court's conclusion that a reasonable person would conclude that the Board's position was justified, even if it was ultimately found to be without merit.[1] Accordingly, the court declines to impose attorney's fees and denies Bacon's motion.

Date: 2/16/2016                                                      ENTER:

                                                                                                                                                    FREDERICK J. KAPALA

                                                                                                                                                    District Judge

---

[1] As this ground is sufficient to dispose of the instant motion, the court need not address the parties' other arguments as to the appropriate amount of fees.